UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN KILGORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. COMPTON, et al.,<br><br>　　　　Defendants. | No.  2:17-cv-1560 AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and California law.  The complaint was originally filed in state court, and defendants removed it on July 27, 2017.  ECF No. 1.  The complaint was not screened pursuant to 28 U.S.C. § 1915A upon removal.  The court now belatedly undertakes that task.

I.　　Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

2  theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,

3  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

4  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

5  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

6  Franklin, 745 F.2d at 1227-28 (citations omitted).

7         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

8  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

9  what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550

10 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

12 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,

13 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

14 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

15 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

16 speculative level." Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

17 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

18 cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

19 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

21 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

22 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

23 content that allows the court to draw the reasonable inference that the defendant is liable for the

24 misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

25 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

26 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

27 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

28 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Complaint

Plaintiff presents one claim under the Civil Rights Act for violation of his Eighth Amendment right to adequate medical care, and one claim for medical negligence under Cal. Civ. Code § 1714.8. ECF No. 1 at 20-21. Both claims are predicated on plaintiff's inability to obtain over-the-counter (OTC) pain relief medication, even when it was prescribed for him, for a period of approximately one month following a knee injury in the second week of March 2015. Plaintiff attributes the delay to a CDCR protocol for distribution of OTC products exclusively through the canteen services system, and thus subject to canteen limits. Id. at 15.

The allegations regarding individual defendants are as follows. On March 19, 2015, plaintiff told defendant Correctional Officer Heredia, who was in charge of canteen access, that he needed OTC pain medication. Heredia told plaintiff that he had to wait until his regularly scheduled canteen draw the next month. ECF No. 1 at 14, 16.

On March 23 and 30, 2015, plaintiff saw defendant Nurse Wangombe about his knee, and told her that he needed OTC pain medication and could not access it from the canteen. On both occasions she failed to provide or ensure that plaintiff was provided the medication, and merely referred him to the canteen. ECF No. 1 at 13, 16-18.

On March 27, 2015, plaintiff saw defendant Dr. Bobbala about his knee, and told the doctor about his problem accessing OTC medication. Dr. Bobbala wrote a prescription for Aleve, but failed to order that the pharmacy provide the medication independently of the canteen. Doe 1, a prison pharmacy employee, subsequently referred plaintiff to the canteen rather than filling the prescription. ECF No. 1 at 13, 17.

The complaint states no facts regarding the personal involvement of defendants Compton, Macomber, Barreatto or Enriquez in plaintiff's delayed access to OTC medication. The complaint states that Macomber was the Warden, Barreatto was the Associate Warden, and Enriquez was a "canteen systems manager"; the supervisory responsibilities of these individuals are recited at ECF No. 1, pages 12-14. Plaintiff alleges that he raised concerns about the system for OTC product access with prison administrators in his capacity as Chairman of the Inmate Advisory Committee, before he personally required any OTC medication. Id. at 15-16.

3

1   Plaintiff finally obtained the OTC medication on April 8, 2015.  ECF No. 1 at 18.

2   III.   Governing Eighth Amendment Principles

3   In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  See Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990).  The requisite state of mind is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4 (1992).

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S. at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842.  A prison official acts with "deliberate indifference only if he subjectively knows of and disregards an excessive risk to inmate health and safety.  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

IV.   Failure to State a Claim

Here, plaintiff's allegations against Heredia, Wangombe, Bobbala and Doe fail to demonstrate deliberate indifference.  The circumstances alleged do not reasonably support the conclusion that plaintiff's need for OTC pain relief in March 2015 constituted a "serious medical need" or that any of these defendants was subjectively aware of and disregarded a risk of further harm if plaintiff had to wait for his next canteen draw to obtain Naproxen or Aleve.

Plaintiff has also failed to state a claim against Compton, Macomber, Barreatto or Enriquez.  No defendant can be liable merely because he or she held a position of general

4

authority or was responsible for supervising others; there is no respondeat superior liability under Section 1983. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013). The complaint contains no allegations that would support the liability of any supervisor or prison administrator. The alleged failure of administrators to heed plaintiff's warnings about the OTC canteen program cannot support Eighth Amendment liability absent allegations sufficient to demonstrate that plaintiff's Eighth Amendment rights were actually violated as the result of that failure.

Plaintiff alleges in support of his Eighth Amendment claim that all defendants "either knew or should have known" that the system of providing OTC medications through the canteen created a risk that inmates would experience unwarranted pain and suffering, and despite this knowledge failed to address the systemic risk. ECF No. 1 at 20, ¶ 47. This theory will not support liability under the Eighth Amendment, for several reasons. First, deliberate indifference requires actual knowledge of risk; "should have known" is not enough. Farmer, 511 U.S. at 842. Second, the risk involved must be "excessive." Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002). The complaint does not identify an "excessive" risk to health or safety, merely a risk of delayed access to over-the-counter medications. Third, the failure to take reasonable precautionary measures amounts to no more than negligence, or at most civil recklessness, neither of which rises to the level of an Eighth Amendment violation. Farmer, 511 U.S. at 835, 836-37.

For all these reasons, the complaint fails to state a claim under the Eighth Amendment as to any defendant. Without a viable federal claim under § 1983, this court will not exercise its supplemental jurisdiction to consider plaintiff's state law negligence claim. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). Rather than recommending dismissal of this action, however, the undersigned will grant plaintiff leave to amend. If plaintiff is aware of additional facts that may cure the problems identified above, he may include them in an amended complaint subject to the standards now provided.

V.       Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.      Plain Language Summary of this Order for a Pro Se Litigant

Your complaint has been screened under the Prison Litigation Reform Act, and the court finds that it does not state a claim on which relief could be granted. You are being given the opportunity to file an amended complaint that fixes the problems discussed above. If you file an amended complaint that states a claim against any defendants, those defendants will be ordered to answer the complaint. If you do not file an amended complaint, the undersigned will recommend dismissal.

////

6

If you choose to amend, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint.  **Any claims not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The complaint has been screened pursuant to 28 U.S.C. § 1915A and found not to state a claim against any defendant.

2. Plaintiff may, forty-five (45) days after the filing of this order, file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 17, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE