UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN KILGORE,<br><br>    Plaintiff,<br><br>v.<br><br>R. COMPTON, et al.,<br><br>    Defendants. | No. 2:17-cv-1560 AC P<br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se with this civil rights action which he originally filed in the Sacramento County Superior Court. Plaintiff challenges the quality of his medical care in 2015 under an Eighth Amendment deliberate indifference theory and under state medical negligence standards. See ECF No. 1. Defendants removed the case to this court. By order filed April 20, 2020, the undersigned found that the complaint fails to state a cognizable federal claim, and granted plaintiff leave to file an amended complaint. ECF No. 8.

    In response, plaintiff did not file an amended complaint but requests that this case be remanded to state court; he also requests that this court stay his putative federal claim pending resolution of his state law claim. ECF No. 11.

    Plaintiff cannot both maintain his federal claim and seek remand of his state law claim. To pursue a remand of this case to state court, plaintiff must request and obtain dismissal of his

putative federal claim.  See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988)[1] (district courts have discretion to remand rather than dismiss a properly removed case that no longer contains federal claims).  The decision to remand is within the district court's discretion subject to considerations of judicial economy, procedural convenience, fairness to the litigants and comity to the state courts.  Id. at 350-51.  Plaintiff is informed that if he notifies the court that he wishes to voluntarily dismiss his claim under 42 U.S.C. § 1983, the undersigned will recommend that the state law negligence claim be remanded.

Alternatively, plaintiff may file an amended complaint subject to the guidelines previously set forth by the court.  See ECF No. 8.  Should plaintiff successfully state a cognizable Eighth Amendment claim in an amended complaint, there will be no remand.  Should an amended complaint again fail to state a viable federal claim, the undersigned will recommend that such putative claim be dismissed for failure to state a claim, and that the state law claim be remanded.  A "stay" of the federal claim is not available.

Defendants will have the opportunity to object to any recommended remand.

Accordingly, IT IS HEREBY ORDERED that, within thirty (30) days after the filing date of this order, plaintiff shall file *either*: (1) a request that the federal claim in his original complaint be voluntarily dismissed and this case be remanded to state court; *or* (2) an amended federal complaint.

DATED: June 23, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Superseded by statute on other grounds as recognized in Fent v. Oklahoma Water Resources Board, 235 F.3d 553, 557 (10th Cir. 2000).  See Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010).