UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN KILGORE, | No. 2:17-cv-1560 AC P |
| Plaintiff, | |
| v. | ORDER and |
| R. COMPTON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

    Plaintiff Ivan Kilgore is a state prisoner proceeding pro se.  Plaintiff filed this medical negligence action in the Sacramento County Superior Court; defendants removed it to this court because the complaint also contained allegations of deliberate indifference to plaintiff's medical needs.  The case is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

    On screening under 28 U.S.C. § 1915A, the undersigned found that the complaint failed to state a cognizable federal claim.  ECF No. 8.  Plaintiff challenges a CDCR protocol for exclusive distribution of over the counter (OTC) products, including OTC pain relievers, through the canteen services system and thus subject to canteen limits.  Plaintiff alleges that this system prevented him from obtaining prescribed OTC pain relief medication for a period of approximately one month following a knee injury.  ECF No. 1.  The court found that these allegations do not support a claim of deliberate indifference to serious medical needs under

governing Eighth Amendment principles. ECF No. 8. Plaintiff was granted leave to amend. Id.

In response, plaintiff requested that this case be remanded to state court while staying his putative federal claim. ECF No. 11. By order filed June 15, 2020, the undersigned denied a stay and directed plaintiff to file either an amended complaint or a request that his federal claim be voluntarily dismissed and the case remanded to state court. ECF No. 12. Plaintiff now seeks dismissal of his Eighth Amendment claim and remand of the negligence claim to the state court. ECF No. 13; see also ECF Nos. 11-2.

The request for voluntary dismissal of plaintiff's claim under 42 U.S.C. § 1983 should be granted. For the reasons explained in the screening order, ECF No. 8, plaintiff's factual allegations fail to state a § 1983 claim for which relief can be granted. Plaintiff's request for dismissal of the claim is the functional equivalent of amendment to withdraw the claim. Accordingly, the undersigned recommends dismissal of the federal claim.

Dismissal of the § 1983 claim leaves a single claim for medical negligence under Cal. Civ. Code § 1714.8. See ECF No. 1 at 21. This court need not maintain supplemental jurisdiction over the remaining state law claim. See Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))). Dismissal of the entire action is not required, however. District courts have the discretion to remand rather than dismiss a properly removed case that no longer contains federal claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988).[1] The court's exercise of this discretion should be guided by considerations of judicial economy, procedural convenience, fairness to the litigants and comity to the state courts. Id. at 350-51.

The undersigned finds that remand to state court is appropriate here. State court was plaintiff's chosen forum; considerations of comity and judicial economy favor litigation of a purely state law issue in the state courts; and there are no apparent convenience factors weighing against remand.

---

[1] Superseded by statute on other grounds as recognized in Fent v. Oklahoma Water Resources Board, 235 F.3d 553, 557 (10th Cir. 2000). See Sanford, 625 F.3d at 561.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this case.

Further, for good cause shown, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's First Cause of Action, under 42 U.S.C. § 1983, be dismissed; and

2. This case be remanded forthwith to the Superior Court of the State of California, in and for the County of Sacramento.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3